IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SMITH'S CONSUMER PRODUCTS, INC., d/b/a Smith Abrasives, Inc., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:14-CV-00627-K |
| v. | § § | |
| FORTUNE PRODUCTS, INC., | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Fortune Products, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue (Doc. No. 8); and (2) Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 26). After careful consideration of the motion, the responsive briefing, the record, and the applicable law, the Court **GRANTS** Defendant's request to transfer the case for the following reasons. The Court also considered Plaintiff's motion and proposed sur-reply, but **DENIES it as moot** because it did not change the Court's ruling.

I.   **Factual Background**

Plaintiff Smith's Consumer Products, Inc., d/b/a Smith Abrasives, Inc., ("Smith's") sued Defendant Fortune Products, Inc. ("Fortune") in this Court for patent infringement. Fortune is the assignee of U.S. Patent Nos. 8,512,105 ("the '105 Patent") and 7,553,220 ("the '220 Patent"), which relate to abrasive sharpeners and

retractable abrasive sharpeners, respectively. Smith's also makes allegations that the packaging Fortune uses with its retractable abrasive sharpener also infringes.

## II. Analysis

Fortune contends in its motion that Smith's action should be dismissed because this Court, where the case was filed, is an improper venue. Alternatively, Fortune argues that, for the convenience of the parties and witnesses and in the interest of justice, this Court should transfer this case to the United States District Court for the Western District of Texas. Smith's argues that the Northern District of Texas is the proper venue for this case. Smith's also argues that transferring the case to the Western District of Texas would only burden Smith's, not reduce any inconvenience. Under 28 U.S.C. § 1404(a), a court may transfer a case upon a showing that the proposed transferee forum is more convenient, and that such a transfer is in the interest of justice. *In re Radmax, Ltd.*, 720 F.3d 285, 287-88 (5th Cir. 2013).

### A. Applicable Legal Standards

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue may be granted upon a showing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re*

2

*TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009). The plaintiff's choice of venue is not a factor in this analysis, but it does contribute to the defendant's burden in proving that the transferee venue is clearly more convenient than the transferor venue. *Volkswagen II*, 545 F.3d at 314-15.

The initial question in applying the provisions of section 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the potential transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the court considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors include: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *see Genetech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The public interest factors include: "1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of

laws in the application of the foreign law." *Id*. Although the letter of section 1404(a) might suggest otherwise, it is well established that "the interest of justice" is an important factor in the transfer analysis. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp.2d 591, 593-94 (N.D. Tex. 2003) (Kaplan, M.J.) (citing *In re Medrad, Inc.*, 1999 WL 507359, *2 (Fed Cir. 1999)).

### B. Application of the Law to the Facts

Smith's is a Delaware corporation with its principal office and place of business located in Hot Springs, Arkansas. Smith's does not have any employees or offices located anywhere in Texas. Fortune is a Texas corporation with its principal office and place of business in Cedar Park, Texas. Fortune does not have any employees or offices located anywhere else in Texas.

Before considering the private and public interest factors, as well as the question of whether a transfer is in the interest of justice, the Court must determine the threshold issue of whether this case could have originally been brought in the transferee court, here the Western District of Texas, Austin Division. Any proposed transferee court must have subject matter jurisdiction and personal jurisdiction over the defendant. There is no question that the Western District of Texas, Austin Division has subject matter jurisdiction over Smith's patent claims under 28 U.S.C.§§ 1331 and 1338(a). There is personal jurisdiction in the Western District of Texas, Austin Division over Fortune because its headquarters reside in Cedar Park, Texas, which is

located in the Western District of Texas, Austin Division. In patent cases, venue is proper where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Having found that the case could have originally been brought in Western District of Texas, Austin Division, the Court must now evaluate the potential transfer against the private and public interest factors to determine whether a transfer is appropriate.

### 1. Private Interest Factors

The first private factor is the relative ease of access to sources of proof. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genetech*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 330 (E.D.N.Y. 2006)). Fortune has presented that all of its relevant documentary evidence, primarily in paper form, is located in the Western District of Texas, Austin Division. Smith's proof is likely located in Arkansas, where it is headquartered; however, Smith's did not make this clear for the Court by specifying where any of its documentary proof is located. Smith's merely argues that this factor is not given much weight in the analysis, particularly in light of the ability to copy documents. Although the technological convenience of e-discovery may diminish concerns associated with the location of evidence, it does not negate the significance of or eliminate consideration of this factor

in a section 1404(a) transfer analysis. *Radmax*, 720 F.3d at 288; *see also Volkswagen II*, 545 F.3d at 316 (stating that the standard is "relative ease of access, not absolute ease of access" and finding this factor weighed in favor of transfer to a venue where documents were physically kept). Also, there is no known documentary evidence that originated in the Northern District of Texas. Even though Smith's documentary proof might be located in Arkansas, which is further in distance from Austin, because all of Fortune's relevant documentary evidence is located in the Western District of Texas, Austin Division, and no evidence originated in this District, the Court finds the first factor of relative ease of access to sources of proof favors transfer.

Next, the Court considers the availability of compulsory process or subpoena power to secure the attendance of unwilling witnesses. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Volkswagen II*, 545 F.3d at 315. Under recently amended Federal Rule of Civil Procedure 45, federal courts may enforce subpoenas issued to any witness for trial, hearing or deposition within 100 miles of the place in which that witness resides, works, or regularly transacts business in person, or for a trial, anywhere within the state in which the witness works, resides, or regularly transacts business in person, provided that witness does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(A)-(B).

A venue that has absolute subpoena power for both deposition and trial is favored over one that does not. *Thomas Swan & Co. Ltd. v. Finisar Corp.*, Case No.

2:13-CV-178-JRG, 2014 WL 47343, *3 (E.D. Tex. Jan. 6, 2014) (quoting *Volkswagen II*, 545 F.3d at 316).  The court gives more weight to specifically identified witnesses, and less weight to vague assertions that witnesses are likely to be found in a particular forum.  *U.S. Ethernet Innovations, LLC v. Samsung Electronics Co. Ltd.*, Civil Action No. 6:12-CV-398-MHS-JDL, 2013 WL 1363613, *3 (E.D. Tex. Apr. 2, 2013).  Current employees of a party are considered to be willing witnesses whose testimony can be presented without reliance upon subpoena power, and their locations are not persuasive in the court's analysis for this factor.  *Rosemond v. United Airlines, Inc.*, Civ. Action No. H-13-2190, 2014 WL 1338690, *3 (S.D. Tex. Apr. 2, 2014); *Net Navigation Systems, LLC v. Cisco Systems, Inc.*, Cause No. 4:11-CV-660, 2012 WL 7827544, *4 (E.D. Tex. Aug. 24, 2012).

Fortune did not identify any witnesses it intends to call at trial.  *See U.S. Ethernet*, 2013 WL 1363613, at *3 ("The [c]ourt gives more weight to those specifically identified witnesses and affords less weight to, vague assertions that witnesses are likely located in a particular forum.").  Furthermore, the testimony of Fortune's current employees can likely be presented in either this Court or in the Austin Division without reliance of the subpoena power.  *See Wells v. Abe's Boat Rentals, Inc.*, Civ. Action No. H-13-1112, 2014 WL 29590, at *2 (S.D. Tex. Jan. 3, 2014)("[T]he testimony of the individuals . . . who are current employees of [the defendant] can be presented in Texas without the need to rely on subpoena power.")  Smith's does not identify any

non-party witnesses either. In light of Fortune's failure to identify any non-party witnesses for whom compulsory process would be necessary, the Court finds this factor to be neutral. *See Sivertson v. Clinton*, Civ. Action No. 3:11-CV-0836-D, 2011 WL 4100958, at *5 (N.D. Texas Sept. 14, 2011)(Fitzwater, C.J.)(compulsory process factor is neutral where party seeking transfer does not identify any witnesses for whom compulsory process will be needed).

The Court must also consider the cost of attendance for willing witnesses, which is "probably the single most important factor in the transfer analysis." *Genetech*, 566 F.3d at 1343. The inconvenience to witnesses increases with the additional distance to be traveled, including additional travel time, meal, lodging expenses, and time away from their regular employment. *Volkswagen I*, 371 F.3d at 205. The court must also consider the personal costs associated with being away from work, family, and community. *In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010), *cert denied*, 131 S.Ct. 2447 (2011) (citing *Volkswagen II*, 545 F.3d at 317). The court gives greater weight to the relative convenience of key witnesses and key non-party witnesses in its analysis, and "the convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F.Supp.2d 759, 762-63 (S.D. Tex. 2009).

Fortune alleges in its motion that "the Western District of Texas is the locus of in-state witnesses relevant to Plaintiff's claims." While Fortune claims that "[a]ll

known, material witnesses in Texas are located in the Western District of Texas," Fortune does not identify any key witnesses who might testify or make a general statement of what their expected testimony will address. *See Sivertson*, 2011 WL 4100958, at *6. Therefore, the Court cannot determine whether any key witnesses will be inconvenienced by a transfer to the Western District of Texas, Austin Division. *See Sivertson*, 2011 WL 4100958, at *6 (conclusory statement that all key witnesses are located in transferee district is insufficient to meet movant's burden).

Furthermore, "this factor 'primarily concerns the convenience of nonparty witnesses.'" *Id.* (quoting *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc.*, 2011 WL 1103372, at *4 (N.D. Tex. Mar. 11, 2011)(Fitzwater, C.J.). If Fortune's reference to "[a]ll known, material witnesses" being in the Western District of Texas is simply Fortune's own employees, then their convenience is not afforded as much weight as nonparty witnesses. Smith's also fails to identify any witnesses in its response to Fortune's motion. Therefore, the Court finds this factor to be neutral. *See Silvertson*, 2001 WL 4100958, at *6.

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315. The Court finds this factor as neutral because neither party addressed this factor, presenting no evidence or argument. *See id.*

2. Public Interest Factors

Having evaluated the private interest factors, the Court must now apply the public interest factors to the relevant facts. The Court need only address whether there is a local interest in deciding local issues at home because the parties did not address the other public interest factors. *Volkswagen II*, 545 F.3d at 315.   (Although Smith's refers to the other three factors, the two sentence argument presents no actual argument or evidence.)   A local interest is demonstrated by a relevant factual connection between the events and the venue. *Leblanc v. C.R. England, Inc.*, 961 F.Supp. 2d 819, 832 (N.D. Tex. 2013) (Boyle, J.). There is a relevant factual connection between these events and the Western District of Texas. Fortune argues that the Western District of Texas has a local interest in this case because it is local business where the center of the alleged infringing action took place.   Smith's responds that the Western District of Texas has no local interest in this case "because Fortune's infringement is nationwide."   The Western District of Texas is the venue where most of the evidence concerning the alleged infringement is located.   Fortune presented evidence that the allegedly infringing activity occurred in the Western District of Texas.   There is no legitimate local interest with respect to the alleged infringement in this District because neither Fortune nor Smith's has ties here related to the patent infringement issue.   *See id.*   For all these reasons, it would be unfair to "burden jurors within this district with service in this case."   *Id.* (internal citation omitted).   Therefore, the Court finds the local

interest factor favors transfer.

In conclusion, the Court has considered the private factors, and finds that the relative ease of access to sources of proof favors transfer. The private interest factors of availability of compulsory process for non-willing witnesses, availability and convenience of witnesses, and "all other practical problems that make trial of a case easy, expeditious, and inexpensive," are neutral. *Volkswagen II*, 545 F.3d at 315. In evaluating the public interest, the public interest factor of local interest in deciding local controversies at home favors transfer. The remaining three factors had no bearing on the analysis because neither party addressed them.  Having considered the private and public interest factors and the relative convenience of the parties and witnesses, the Court has determined that, viewed in their totality, these factors favor transfer and further, that such a transfer would be in the overall interest of justice.

### III.   Conclusion

Because the Court finds the private and public interest factors and the relative convenience of the parties and witnesses weigh in favor of transfer, the Court **grants** Fortune's Motion to Dismiss for Improper Venue, or in the Alternative, Motion for

Transfer Venue. This case is hereby transferred to the United States District Court for the Western District of Texas, Austin Division.   Plaintiff's motion for leave is **denied**.

**SO ORDERED.**

Signed March 9th, 2015.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE